Mikalah Raymond Liviakis (251362)
Liviakis Law Firm
1024 Iron Point Rd.
Folsom, CA 95630
Tel: (916) 357-6696

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

In re

JAMES JOHN SARAS and
LORI ELSIE SARAS,

Debtors.

Last Four Digits of Social Security No.: 2498

Last Four Digits of Social Security No.: 4209

Case Number: 2011-92235
Chapter 11
DCN: MRL-105

**MOTION TO AUTHORIZE SALE OF DEBTORS' REAL PROPERTY FREE AND CLEAR OF THIRD PARTY INTERESTS**

**Date:** November 2, 2011
**Time:** 10:30 am
**Location:** 1200 I Street, Suite 4, Modesto, CA

**Judge:** Honorable Ronald H. Sargis

## INTRODUCTION

James John Saras and Lori Elsie Saras ("Debtors"), hereby move the Court to authorize the sale of a 40 acre portion of the agricultural real property known as: "220 Acre Farm", located at 4500 Maze, Modesto, CA 95369 as described below. The sale of this property is subject to adjustments and overbids. Debtors move the Court to approve the sale of the property described herein, free and clear of any interests.

## JURISDICTION

28 U.S.C. § 1334 (a) grants district courts "original and exclusive jurisdiction" over all cases that arise under title 11. 28 U.S.C. § 157(b)(1) allows Bankruptcy judges the authority to hear all title 11 cases

and, "all core proceedings arising under title 11". "Core proceedings" include: "matters concerning the administration of the estate" and "orders approving the sale of property other than property resulting from claims brought by the estate against person who have not filed claims against the estate." 28 U.S.C. §§ 157(b)(1)(A), (N). The sale of real property owned by the Debtors and subject to the bankruptcy estate is, therefore, a core proceeding under title 11 and an appropriate matter to be heard by this Court.

28 U.S.C. § 1409(a) states that venue is proper in the district court where a title 11 case is pending for proceedings related to the case. Currently, the Debtors' chapter 11 plan of reorganization is pending in this Court. Therefore, venue is proper in this Court for the matter of selling a portion of property within the bankruptcy estate.

## RELIEF REQUESTED

Debtor hereby respectfully requests the Court enter an order:

1) Authorizing Debtor to sell a 40 acre portion of "220 Acre Farm", located at 4500 Maze, Modesto, CA 95369 with the physical boundaries as follows:

   **NORTH BOUNDARY**: Highway 132

   **SOUTH BOUNDARY**: Modesto Irrigation District Canal

   **WEST BOUNDARY**: Stone Road

   **EAST BOUNDARY**: To be determined.

   As surveyed by: Farley Surveying, 7500 North West Lane, Stockton, California 95210. To Fred Luchessa for $1,000,000.00 or $25,000.00 an acre, subject to overbidding and adjustments, pursuant to the attached Purchase Agreement (Exhibit A).

   Fred Luchessa will have 60 days from the date of sale authorization by Court to deliver the payment price to Debtors.

2) Transferring the described real property to Fred Luchessa free and clear of the following interests pursuant to 11 U.S.C § 363(f):

a. Any and all liens, claims, interests, and encumbrances held by: Community Business Bank, Dan Bruington, Metlife Agricultural Investments, and Tahoe Loan Servicing (Western) as such interests will attach to the proceeds of the sale, if not already satisfied in full.

b. Any and all liens, claims, interests, and encumbrances held by: BAC Home Loans Servicing, Chase Manhattan, Green Tree Servicing, Toyota Motor Credit, US Bank Home Mortgage, Vericrest, as such secured claims do not attach to the property at issue in this sale.

c. Any and all liens, claims, interests, and encumbrances held by: any party served with this Motion.

3) Taking into consideration any overbids that might occur at the hearing scheduled for this motion and allowing Debtor to reserve the right to continue the hearing to allow for overbids.

4) Allowing any further relief that is just and appropriate under the circumstances.

## BACKGROUND

Debtors in this case are the owners of peach and walnut orchards that have been their primary source of income since 1960.

Debtors wish to keep the family peach and walnut orchards but currently face overwhelming debt. In an effort to continue operating the farm and satisfy creditors, Debtors wish to sell a portion of their orchards. By selling a portion of the real property described, Debtors plan to satisfy a portion of their current debt to make a plan for reorganization more manageable.

By this Motion, Debtors request the Court authorize the sale of 40 acres of orchards at the 4500 Maze Boulevard property to Fred Luchessa for $1,000,000.00, subject to adjustment and overbids.

## OVERBID PROCEDURES

Any party wishing the overbid the proposed sale agreement must comply with any requirements established by the Court and with the procedure set forth in this motion:

1) Interested Parties need not submit bids prior to the November 2nd hearing. Because the Debtor files this motion on twenty-one (21) days notice pursuant to Local Rule 9014-1(f)(2) and FRBP 2002(a). Therefore, parties of interest can oppose the motion at the hearing in accordance with Local Rule 9014-1(f)(3).

2) Any party attempting to overbid the proposed sale must appear at the scheduled hearing for this motion.

3) The overbid offer must include a payment of $5,000 as a deposit that will be refunded if the party does not win the bid but which will become non-refundable if the party becomes the winning bidder.

4) Any party wishing to overbid must demonstrate an ability to pay the purchase price.

5) Any overbid must be at least $5,000 more than the price of the purchase agreement proposed by this plan.

## DISCUSSION

### I. Trustee's Right to Sell Property Outside the Course of Ordinary Business

11 U.S.C. § 363(b)(1) grants a trustee the power to sell property of the bankruptcy estate, outside the "ordinary course of business" after notice has been given and a hearing has been held. In determining whether to approve a proposed sale, the Court evaluates whether there is "some articulated business justification". *In re Continental Air Lines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. Tex. 1986); *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. N.Y. 1983). The Court also looks to whether it is, "fair and equitable and in the best interest of the estate." *Mozer v. Goldman (In re Mozer)*, 302 B.R. 892, 897 (C.D. Cal. 2003).

*A.) Business Justification*

In determining whether a sale outside the ordinary course of business has an adequate business justification, the Court should look at "all salient factors". *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. N.Y. 1983).

In the present case, Debtors propose to sell 40 of the approximately 330 acres of orchards within the estate. This leaves about 290 acres or 88% of the income-producing property in the estate. Due to the nature of the property, it is unpredictable how its value will fluctuate in the future. Furthermore, Debtors are currently paying operation expenses for this property. When the property is sold, Debtors will not receive the proceeds from the crops. Therefore, to maximize the value of the estate, it would be prudent to proceed with the proposed sale as soon as possible so Debtors can cease paying operational expenses for crops they will not harvest.

Debtors intend to use half of the funds to ensure that the remaining orchards of the estate receive proper watering and treatment to increase the likelihood of a fruitful and lucrative crop in the coming year. Debtors intend to use the remaining half of the proceeds to satisfy a portion of the debt held by secured creditors against the estate. By reducing Debtors' overall debt, they hope to increase the likelihood of success for the chapter 11 plan.

*B.)* *Fair and Equitable*

Debtors propose to sell 40 acres of orchards described above to Fred Luchessa for $1,000,000.00. This price is representative of the current market value of such property. Under Debtors' Chapter 11 Plan, Debtor intends to use the proceeds of this sale as follows: 50% of the proceeds will be used to may immediate payments to creditors with a secured interest in the property; 50% of the proceeds will be used by Debtors to maintain and operate the orchards in order to generate income for the coming year.

In making this motion, the Debtors give all affected parties due notice of the proposed liquidation of a portion of the assets of the estate. The Debtors outline appropriate procedures for overbidding the proposed sale, allowing any affected parties the opportunity to purchase the asset should they feel the sale price does not represent its true value. Furthermore, Debtors intend to apply half of the proceeds from the proposed sale to make immediate payments to secured creditors. Additionally, Debtor will use the other half of the proceeds to the continued operation of their orchards that are their primary source of income. By applying this money to continue farm operations, Debtors will have the ability to make payments under the Chapter 11 plan which will include payment in full to the affected secured creditors for secured claims. As a result of this sale, payment to secured creditors under the Chapter 11 plan will be more reliable.

*C.)* *In the Best Interest of the Estate*

By selling this property, the Debtors intend to operate their orchards for the following year and generate income to make payments under the Chapter 11 plan. By liquidating these assets, Debtors will be able to continue peach and walnut harvesting which will produce income to make a chapter 11 plan for reorganization more feasible. With reduced debt, Debtors anticipate being able to continue operation of the peach and walnut orchards in such a way that will generate enough proceeds to satisfy creditors under the Plan of Reorganization.

**II.     Free and Clear Title:**

11 U.S.C § 363(f) permits a Trustee to sell property of the estate "free and clear of any interest in such property of an entity other than the estate" when the Claimant consents or the Debtor could compel the Claimant to accept money as satisfaction through "legal or equitable proceedings". Courts have determined that to invoke this portion of the statute, "Section 363(f)(5) does not require that the sale price for the property exceed the value of the interests." *In re Boston Generating, LLC*, 440 B.R. 302, 333 (Bankr. S.D.N.Y. 2010.

Here, secured interests on the orchard property in its entirety exceed the sale price of this portion of the property. However, this sale does not extinguish the interests of secured creditors in the remaining orchards of the estate. Even after the proposed sale, the acreage that will remain in the estate will have a value of approximately $7,460,000.00 that exceeds the value of the secured claims (estimated to be $4,161,200.00). Furthermore, Debtors intend to apply half of the proceeds of the sale to the satisfaction of claims secured by the orchard property. This portion is representative of the ratio of ownership of the property between Debtors and the secured creditors. Because Debtors have approximately a 50% equity interest in the orchards, Debtors propose to use 50% towards maintaining the farm operation to generate income for the chapter 11 plan.

## CONCLUSION

In order to create a chapter 11 plan for reorganization that will be manageable, Debtors feel it is necessary to sell a portion of the property described above. Because half of the proceeds sale will be distributed to creditors with secured interests and half of the proceeds will be used to continue operation of the farm in order to generate income for payments under the chapter 11 plan which fully satisfies secured creditors, the proposed sale is fair and equitable to all affected parties.

WHEREFORE, Debtors respectfully request this Court enter an order authorizing the sale of the above-described property in accordance with the terms laid out in this motion and the attached purchase agreement.

Dated: October 12, 2011

_____6_____
MOTION TO AUTHORIZE SALE OF DEBTORS' REAL PROPERTY FREE AND CLEAR OF THIRD PARTY INTERESTS

Respectfully submitted by:

/s/ Mikalah Raymond Liviakis

Attorney for Debtors