

FILED

AUG 19 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE
NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

JAMES JOHN SARAS and
LORI ELSIE SARAS,

           Debtors.

Case No. 11-92235-E-11
Docket Control No. JDM-4

DATE: August 22, 2013
TIME: 10:30 a.m.
DEPT: E

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

MEMORANDUM OPINION AND DECISION FOR
ORDER SHORTENING TIME AND SETTING
(1) INITIAL HEARING ON MOTION TO FORCE SALE OF PROPERTY
AND
(2) CHAPTER 11 STATUS AND SCHEDULING CONFERENCE

Nora Torres Farm Service, Inc. ("Nora Torres") has filed the present Motion for Order to Force the Sale of Property. Dckt. 728. The Motion seeks to have the court "force" James Saras and Lori Sara, the Debtors and Plan Administrators under the confirmed Chapter 11 Plan ("Debtors"), to sell the real property commonly known as 1969 Costner Road, Modesto, California ("Costner Property").

**CHAPTER 11 PLAN**

The Debtors' Chapter 11 Plan was confirmed on November 16, 2012 (the "Chapter 11 Plan"). The terms of the Chapter 11 Plan

state that the Debtors shall sell the Costner Property and 6061 Carver Road, Modesto, California (the "Carver Property"), within 120 days after the effective date of the Chapter 11 Plan. Chapter 11 Plan Article IV, Section 1.A., Treatment of Administrative Expenses, attached to Order Confirming Chapter 11 Plan, Dckt. 665. The specific language in the Chapter 11 Plan is, "The sale [of the Costner Property and the Carver Property] is expected to occur within 120 days after the effective date of the Plan." The effective date of the Plan is defined to be the fifteenth day after the entry of the order confirming the Chapter 11 Plan, if no appeal is taken thereof. No appeal having been taken, the effective date of the Chapter 11 Plan was December 1, 2012.

While stating that the sale of these two properties was "expected" within 120 days, other terms of the Chapter 11 Plan require that the property be sold so that payments of specified claims would be made within 120 days of the effective date. These payments include, Franchise Tax Board Priority Unsecured Claim, Internal Revenue Service Priority Unsecured Tax Claim, California Employment Development Department Priority Unsecured Claim, Eva L. Saras Trust Secured Claim (to be paid by January 20, 2013), Toyota Motor Credit Secured Claim, Stanislaus County Secured Tax Claim, Ranching Crew Workers Priority Unsecured Claim, and all General Unsecured Claims. Article IV, Sections 1.B., 2.A., 2.B., and 2.C. of Chapter 11 Plan. All provisions state that the respective claims "shall" be paid within 120 days of the Effective Date of the Chapter 11 Plan.

The Chapter 11 Plan also defines what constitutes a "Material

Default" under the Plan. If the Debtors fail to make two consecutive payments under the Chapter 11 Plan or perform any other obligation required under the Plan for more than 30 days after the date required under the Chapter 11 Plan, then the affected creditor may serve a written notice of default on the Debtors and Debtors' attorney. The Debtors then have 21 days to cure the default. If the default is not cured, then the Debtors are in Material Default. Chapter 11 Plan, Article IIX, ¶ 8.07.

The order confirming the Chapter 11 Plan does not alter these provisions for the sale of the Costner Property and Carver Property, and the payment of claims.

### STIPULATION BETWEEN DEBTORS AND NORA TORRES

A dispute as to the amount of the Nora Torres administrative expense was resolved by stipulation after confirmation of the Chapter 11 Plan. Nora Torres and the Debtors entered into a written stipulation resolving this dispute (the "Stipulation") which was approved by the court upon *ex parte* motion. June 17, 2013 Order, Dckt. 726; Stipulation attached to Order. Under the terms of the Stipulation, Nora Torres and the Debtors agreed: (1) the Nora Torres administrative expense was fixed in the amount of $105,000.00, (2) Nora Torres shall be paid $20,000.00 to be applied to this administrative expense, (3) Nora Torres shall be paid $85,000.00 from the proceeds of the Costner Property, and (4) Nora Torres may "seek an order from the Court that requires the sale of the [Costner Property] if [the Costner Property] has not already been sold or refinanced within 45 days of this Stipulation." Stipulation ¶ (1), (2), (4), and (5). The Stipulation was approved by the court on June 17, 2013. Using that

as the "date of the Stipulation," the 45 days expired on August 1, 2013.

## "FORCING A SALE" OR APPOINTING COURT OFFICER TO CONSUMMATE SALE

The Motion filed by Nora Torres to force the sale of the Costner Property asserts that grounds exist under the confirmed Chapter 11 Plan and Stipulation between the Debtors and Nora Torres. Motion, Dckt. 728. The Motion does not state what is meant by to "force" the sale, other than it appears that Nora Torres wants the court to conduct an auction in open court and see who shows up. Nothing is stated in the Motion as to who is responsible for seeing that the property of the Debtors is properly marketed, who is responsible for presenting an offer to the court and opine as to which offer is the best for the Debtors and creditors under the confirmed Chapter 11 Plan, and who is responsible for fulfilling the obligations of the Debtors as sellers of the Costner Property as provided for under the Chapter 11 Plan. The court is not the Plan Administrator.

The Plan requires the Debtors, as Plan Administrators, to file a motion to obtain bankruptcy court approval for the sale of the Costner Property.

## MATERIAL DEFAULT UNDER CHAPTER 11 PLAN

The Chapter 11 Plan does not provide an express mechanism for substituting someone for the Debtors (as Plan Administrators) if the Debtors fail or refuse to perform the duties of the plan administrator. The Chapter 11 Plan does provide that the Debtors will be in material default under the Plan if, within 21 days of receiving notice of a default, they fail to cure the default.

4

Here, Nora Torres has provided a notice of default, as evidenced by the Motion to Force Sale of Property, of the failure to timely sell the Costner Property. The Motion having been filed and served on August 15, 2013, the 21-day notice expires on September 5, 2013 (assuming that no evidence of an earlier notice of default is not presented to the court or that the requested 30-day default period expired prior to giving the notice).

Upon there being a material default, one of the possible outcomes is that the case may be converted to one under Chapter 7 or dismissed. 11 U.S.C. § 1112(b)(4)(N). If the court were to convert the case to one under Chapter 7, it would be the Chapter 7 Trustee who would be the real party in interest who would be responsible for the marketing and sale of the Costner Property.

Another alternative would be for the court to appoint a receiver for the limited purpose of performing the contractual obligations of the Debtors (as Plan Administrators) to sell the Costner Property as required by the confirmed Chapter 11 Plan. The Debtors have stipulated, as approved by the court, that the court may "require" that the Costner Property is sold as required under the Chapter 11 Plan.

In enacting the Bankruptcy Code, Congress restricted the appointment of receivers by the federal courts in bankruptcy cases. In 11 U.S.C. § 105(b), Congress provided, "(b) Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title." However, this restriction has been interpreted to limit the federal court's power to use a receiver in lieu of appointing a trustee or examiner, and does not limit the appointment of a receiver as permitted by applicable law. Cases

which are instructive on the proper exercise of the equitable powers by a federal judge to appoint a receiver include the following.

    *In re Memorial Estates, Inc.*, 797 F2d 516 (7th Cir. 1986),

> (The appointment of a receiver for the mortgaged property -- not for the bankrupt's estate as such -- is the appointment of a regular equity receiver and is therefore subject to section 1292(a)(2). Compare our discussion of the possible applicability of section 1292(b) to bankruptcy cases in *In re Riggsby*, supra, 745 F.2d at 1156-57...
>
> The power cut off by section 105(b) of the Bankruptcy Code is the power to appoint a receiver for the bankrupt estate, that is, a receiver in lieu of a trustee. Thus in *In re Cash Currency Exchange*, supra, where we held that U.S.C. § 1292(a)(2) is limited to equity receivers, the order sought to be appealed was the order appointing the trustee in bankruptcy, and the appellant wanted us to deem the trustee a receiver for purposes of that section. Section 105(b) is not addressed to the power of the bankruptcy court to appoint a receiver in a separate controversy between a creditor and the debtor or another creditor.

    *Craig v. McCarty Ranch Trust (In re Cassidy Land and Cattle)*, 836 F.2d 1130, 1133 (8th Cir. 1988), *cert.* denied 486 U.S. 1033 (1988).

> The power of the bankruptcy judge precluded by section 105(b) of the Bankruptcy Code is the power to appoint a receiver for the estate in lieu of a trustee. *In re Memorial Estates, Inc.*, 797 F.2d 516, 520 (7th Cir. 1986). Section 105(b) is not addressed to the power of the bankruptcy court to appoint a receiver at the request of the trustee [exercising lien rights of the estate] for the limited purpose of administering the mortgaged property pending disposition of the foreclosure proceeding.

    *Balakian v. Balakian*, 2008 U.S. Dist. LEXIS 121067, at *49, (E.D. Cal. 2008). ("Although 11 U.S.C. § 105(b) precludes appointment of a receiver 'in a case under this title,' Section 105(b) does not preclude appointment of a receiver in an

adversary proceeding to foreclose a lien, *see In re Cassidy Land and Cattle Co., Inc.*, 836 F.2d 1130, 1133 (8th Cir.1998).")

The appointment of a receiver to take possession of and compete a required transaction under the confirmed Chapter 11 Plan, would not appear to run afoul of 11 U.S.C. § 105(b). This is not being done in lieu of the appointment of a trustee to take control of all the property of the estate, but merely to enforce the contractual terms (Chapter 11 Plan) for the marketing and sale of the Costner Property. The Debtors have agreed, as set forth in the Stipulation, that the court shall "require" that the Costner Property be sold. The Debtors and Nora Torres have left it to this court to determine how the court will enforce the plan and have the sale be completed as required in the Chapter 11 Plan and Stipulation. While the court cannot, and will not, serve as the plan administrator, a receiver may fulfill those fiduciary duties under the Chapter 11 Plan.

**STATUS AND SCHEDULING CONFERENCE**

The court will conduct a Status Conference at **10:30 a.m. on August 22, 2013.** The court shall order James Saras, Lori Saras, Mikalah Liviakis (the Debtors' attorney), a senior officer or manager (with authority to make decisions concerning the Motion to Force the Sale of Property) of Nora Torres Farm Services, Inc., and James Mayol (attorney for Nora Torres Farm Services, Inc. in this bankruptcy case) to appear in person at the August 22, 2013 Status and Scheduling Conference. No telephonic appearances are permitted for the persons identified in the preceding sentence. Telephonic appearances are permitted for the U.S. Trustee, other creditors, and other parties in interest.

7

The court shall issue an order consistent with this Memorandum Opinion and Decision.

Dated: August 19, 2013

_____
RONALD H. SARGIS, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

        Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and
  __XX__ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

James Mayol
PO Box 3049
Modesto, CA 95353-3049

David C. Johnston
1600 G Street, Suite 102
Modesto, CA 95364